[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Mafcote Industries, Inc. filed a verified complaint seeking injunctive relief and alleging breach of contract, misappropriation of trade secrets, and violation of the Connecticut Unfair Trade Practices Act (CUTPA). The defendant, James River Paper Co., Inc. has filed a motion for summary judgment as to all three counts of the verified complaint.
"The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 378, 260 A.2d 596 (1969). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998).
The court denies the defendant's motion for summary judgment on the first count of breach of contract because a genuine issue of material fact remains as to whether the defendant breached its confidentiality/nondisclosure agreements with the plaintiff.[1]
The plaintiff has submitted two confidentiality/nondisclosure CT Page 963 agreements signed by defendant's employees.[2] Furthermore, the defendant admitted that it inadvertently transferred information received from the plaintiff to one of the plaintiff's competitors. See (Memorandum in Support of Motion for Summary Judgment Exhibit A ¶¶ 54, 55 p. 15)[3]. Consequently, an issue of fact remains as to whether the information transferred constitutes confidential information pursuant to the confidentiality/nondisclosure agreements. See Foley v. HuntingtonCo., 42 Conn. App. 712, 730, 682 A.2d 1026, cert. denied,239 Conn. 931, 683 A.2d 397 (1996) ("The construction of a contract is usually a question of fact because the interpretation of its language is a search for the intent of the parties, making contractual intent a classic question of fact."); Four D's, Inc.v. Mattera, 25 Conn. App. 308, 312, 594 A.2d 484 (1991) ("What the parties intended to include in their contract is a question of fact.") Accordingly, the court denies the defendant's motion for summary judgment on the first count of breach of contract.
The court denies the defendant's motion for summary judgment on the second count of misappropriation of trade secrets. "The Connecticut Uniform Trade Secrets Act, Connecticut General Statutes § 35-50 et seq., codify the basic principals of common law trade secret protection. In order to establish liability under the Connecticut Uniform Trade Secrets Act, the plaintiff must prove the existence of a trade secret by §35-51(d) and a misappropriation of the trade secret by the defendant as defined by § 35-51(b)." Air Support, Inc. v.Acuna, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 148386 (May 29, 1996, Karazin, J.).[4]
The plaintiff raised a genuine issue of material fact as to whether the defendant's transfer of information to the plaintiff's competitor constituted a violation of the Connecticut Uniform Trade Secret Act. The plaintiff's method for packaging its doilies could qualify as a trade secret. See Elm City CheeseCo. v. Federico, 251 Conn. 59, 75, ___ A.2d ___ (1999) ("[t]he fact that every ingredient is known to the industry is not controlling for the secret may consist of the method of combining them which produces a product superior to that of competitors.") (Internal quotation marks omitted.) Requiring the defendant's employees to sign confidentiality/nondisclosure agreements constitutes sufficient evidence that the plaintiff sought to maintain secrecy concerning its packaging. See id. at 86 ("[r]easonable precautionary measures for maintaining the secrecy of the [information] were all that were required.") (Internal CT Page 964 quotation marks omitted.) Furthermore, the very fact that both parties sought protective orders in this matter demonstrates the economic importance of the plaintiff's alleged trade secret. Finally, disclosing information to the plaintiff's competitors after signing a confidentiality agreement with the plaintiff raises a material issue of fact as to whether the disclosure of information qualifies as a misappropriation.[5] See General Statutes § 35-51(b). Accordingly, the court denies the defendant's motion for summary judgment on the second count of misappropriation of trade secrets because a genuine issue of material fact exists.
The court denies the plaintiff's motion for summary judgment on the third count alleging a violation of CUTPA. "A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances to recover under the Act."[6] (Internal quotation marks omitted.) Petro v. K-Mart Corp. , Superior Court, judicial district of Waterbury at Waterbury, Docket No. 123768 (February 24, 1998, West, J.) Here, as previously stated the plaintiff sufficiently raised genuine issues of material fact concerning the defendant's alleged breach of contract and misappropriation of trade secrets. Consequently, the evidence of an alleged misappropriation of trade secrets qualifies as an aggravating circumstance to sustain a CUTPA claim.[7] See Lester v. ResortCamplands International, Inc., 27 Conn. App. 59, 71-72,605 A.2d 550 (1992) (holding jury could reasonably infer that breach of contract constituted an unfair trade practice); UnitedTechnologies Corp., Pratt Whitney Division v. Turbine Kinetics,Inc., Superior Court, judicial district of Hartford/New Britain at Hartford (March 18, 1996, Corradino, J.) (16 Conn. L. Rptr. 344) (holding recovery permissible under both CUTPA and Uniform Trade Secret Act.) Accordingly, the court denies the defendant's motion for summary judgment on the third count because a genuine issue of material fact exists concerning whether a violation of CUTPA occurred.
In summary, the court denies the defendant's motion for summary judgment on all three counts.
D'ANDREA, J.